IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JACKSON HOLE BURGER, INC.,<br><br>    *Plaintiff*,<br><br> v.<br><br>THE ESTATE OF STEVEN GALEKOVIC, and BRIELLE GALEKOVIC, individually and as Administrator of THE ESTATE OF STEVEN GALEKOVIC,<br><br>    *Defendants*. | Case No.: 23-cv-4922 |

**DEFENDANTS THE ESTATE OF STEVEN GALEKOVIC, AND BRIELLE GALEKOVIC'S MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISQUALIFY**

Brent M. Davis
MARKS & KLEIN, LLC
331 Newman Springs Road
Bldg. 1, 4th Fl., Suite 143
Red Bank NJ 07701
Telephone: (732) 747-7100
Fax:    (732) 784-2850
E-Mail:   brent@marksklein.com

*Attorneys for Defendants*
*The Estate of Steven Galekovic*
*and Brielle Galekovic*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................................ii

I.     INTRODUCTION ........................................................................................................................ 1

II.    LEGAL STANDARD................................................................................................................... 2

III.   ARGUMENT ................................................................................................................................ 3

  A.   Plaintiff's Counsel's prior representation of Steven Galekovic meets each and every prong of the Second Circuit's test to require disqualification. ............................................................. 3

  B.   The Motion should be granted because Plaintiff's Counsel's continued representation would taint the underlying trial. ............................................................................................... 5

  C.   The disqualification of Plaintiff's Counsel's should be imputed to his firm, Brach Eichler LLC. ....................................................................................................................................... 6

IV.   CONCLUSION............................................................................................................................. 8

## TABLE OF AUTHORITIES

**Cases**

Bd. of Educ. of the City of N.Y. v. Nyquist, 590 F.2d 1241 (2d Cir. 1979) .............................. 2, 5
Blue Planet Software, Inc. v. Games Int'l, LLC, 331 F. Supp. 2d 273 (S.D.N.Y. 2004) ............... 7
Cheng v. GAF Corp., 631 F.2d 1052 (2d Cir. 1980) ...................................................................... 7
Evans v. Artek Sys. Corp., 715 F.2d 788 (2d Cir. 1983) ................................................................. 3
Gov't of India v. Cook Indus., Inc., 569 F.2d 737 (2d Cir. 1978) ............................................... 2, 5
Hempstead Video, Inc. v. Inc. Vill. of Valley Stream, 409 F.3d 127 (2d Cir. 2005) ............. 2, 5, 6
Hull v. Celanese Corp., 513 F.2d 568 (2d Cir. 1975) ..................................................................... 2
Lott v. Morgan Stanley Dean Witter & Co. Long-Term Disability Plan, 2004 U.S. Dist. LEXIS 25682 (S.D.N.Y. Dec. 23, 2004) ................................................................................................ 7
Marshall v. State of New York Div. of State Police, 952 F. Supp. 103 (N.D.N.Y. 1997) ............. 8
Miroglio, s.p.a. v. Morgan Fabrics Corp., 340 F. Supp. 2d 510 (S.D.N.Y. 2004) ......................... 7
Mitchell v. Metro. Life Ins. Co., 2002 U.S. Dist. LEXIS 4675, No. 01 Civ 2112, 2002 WL 441194 (S.D.N.Y. Mar. 21, 2002) ............................................................................................. 7
Papyrus Tech. Corp. v. N.Y. Stock Exch., Inc., 325 F. Supp. 2d 270 (S.D.N.Y. 2004) ................. 7
Revise Clothing, Inc. v. Joe's Jeans Subsidiary, Inc., 687 F. Supp. 2d 381 (S.D.N.Y. 2010) ........ 2
United States v. Prevezon Holdings Ltd., 839 F.3d 227 (2d Cir. 2016) ..................................... 4, 5

**Rules**

RPC 1.9(a) ....................................................................................................................................... 3

**Regulations**

N.Y. COMP. CODES R. & REGS. tit. 22, § 1200.24(d) ................................................................. 6

Defendants The Estate of Steven Galekovic (the "Estate") and Brielle Galekovic (collectively, the "Defendants") respectfully submit this brief in support of Defendants' Motion to Disqualify (the "Motion").

## I.  INTRODUCTION

Defendants respectfully request that this Court grant their Motion to Disqualify Konstantine Paschalidis, Esq. ("Plaintiff's Counsel") and impute the disqualification upon Brach Eichler LLC, as Plaintiff's Counsel had previously represented both Plaintiff Jackson Hole Burger, Inc. and Steven Galekovic in a previous litigation.

The Second Circuit has established a three-prong test to determine if counsel should be disqualified due to previous representation:  (1) the moving party is a former client of the adverse party's counsel; (2) there is a substantial relationship between the subject matter of the counsel's prior representation of the moving party and the issues in the present lawsuit; and (3) the attorney whose disqualification is sought had access to, or was likely to have had access to, the relevant privileged information in the course of his prior representation of the client.

Here, it is indisputable that Mr. Galekovic was represented by Plaintiff's Counsel in a previous case in this Court and, therefore, the first prong is satisfied.  As to the second prong, the Second Circuit has held that a "substantial relationship" exists where facts pertinent to the problems underlying the prior representation are relevant to the subsequent representation.  Here, the previous litigation is specifically referenced in the Complaint [Dkt. No. 3] and is the basis for an entire claim.  Accordingly, the second prong is also satisfied.  Finally, the third prong is satisfied because the Second Circuit has established that when the first two prongs are satisfied, there is an irrebuttable presumption that confidences were shared.  Therefore, all three prongs have been met and Plaintiff's Counsel should be disqualified.

The disqualification of Plaintiff's Counsel should be imputed upon his law firm, Brach Eichler LLC as it is well-established that an attorney's conflicts are ordinarily imputed to his firm and Plaintiff cannot establish that any exceptions to the ordinary practice exist.

For these reasons, as set forth more full below, Defendants respectfully request that the Court grant the Motion in its entirety, disqualify both Plaintiff's Counsel and Brach Eichler LLC from representing Plaintiff in this case, and grant any other relief the Court deems equitable and just.

## II. LEGAL STANDARD

"The authority of federal courts to disqualify attorneys derives from their inherent power to 'preserve the integrity of the adversary process.'" Hempstead Video, Inc. v. Inc. Vill. of Valley Stream, 409 F.3d 127, 132 (2d Cir. 2005) (quoting Bd. of Educ. of the City of N.Y. v. Nyquist, 590 F.2d 1241, 1245 (2d Cir. 1979)). In exercising this power, courts balance "'a client's right freely to choose his counsel' against 'the need to maintain the highest standards of the profession.'" Id. (quoting Gov't of India v. Cook Indus., Inc., 569 F.2d 737, 739 (2d Cir. 1978)). Federal courts located in the State of New York also look to the [New York Rules of Professional Conduct] in deciding disqualification motions, although, 'because the authority to disqualify an attorney is a function of the court's inherent supervisory power, these rules provide guidance only and are not conclusive.'" Revise Clothing, Inc. v. Joe's Jeans Subsidiary, Inc., 687 F. Supp. 2d 381, 388 (S.D.N.Y. 2010) (internal citations omitted). However, the Second Circuit has held that "in the disqualification situation, any doubt is to be resolved in favor of disqualification." Hull v. Celanese Corp., 513 F.2d 568, 571 (2d Cir. 1975).

### III. ARGUMENT

**A. Plaintiff's Counsel's prior representation of Steven Galekovic meets each and every prong of the Second Circuit's test to require disqualification.**

New York Rules of Professional Conduct ("RPC") address a lawyer's duties to a former client and provide in pertinent part that:

> A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.

RPC 1.9(a).

Comment 1 to RPC 1.9 states that it is an ethical violation for a "lawyer who has represented multiple clients in a matter represent one of the clients against the others in the same or a substantially related matter after a dispute arose among the clients in that matter, unless all affected clients give informed consent."

Comment 3 to RPC 1.9 states:

> Matters are "substantially related" for purposes of this Rule if they involve the same transaction or legal dispute or if, under the circumstances, a reasonable lawyer would conclude that there is otherwise a substantial risk that confidential factual information that would normally have been obtained in the prior representation would materially advance the client's position in the subsequent matter.

In accord with RPC 1.9, the Second Circuit has established a three-prong test to determine if the prior representation of the moving party requires disqualification:

> (1) the moving party is a former client of the adverse party's counsel; (2) there is a substantial relationship between the subject matter of the counsel's prior representation of the moving party and the issues in the present lawsuit; and (3) the attorney whose disqualification is sought had access to, or was likely to have had access to, the relevant privileged information in the course of his prior representation of the client.

Evans v. Artek Sys. Corp., 715 F.2d 788, 791 (2d Cir. 1983).

3

It cannot be disputed that Plaintiff's Counsel represented Mr. Galekovic and Jackson Hole in Velasquez et al v. P.J.C.M. Restaurant Corp. et al, Case No. 1:15-cv-03602-WHP in the United States District Court for the Southern District of New York (the "Velasquez Case"). Exhibit A to the Declaration of Brent M. Davis, Esq. ("Davis Decl."). Accordingly, Mr. Galekovic is a former client of Plaintiff's Counsel and the first prong of the Evans' test is conclusively satisfied.

It is the same for the second prong of the Evans' test. There is a substantial relationship between the subject matter of Plaintiff's Counsel's prior representation of Mr. Galekovic and the issues in the present lawsuit. The Second Circuit has held that a "'substantial relationship' exists where facts pertinent to the problems underlying the prior representation are relevant to the subsequent representation." United States v. Prevezon Holdings Ltd., 839 F.3d 227, 239 (2d Cir. 2016).

Here, there can be no doubt that the facts pertinent in the Velasquez Case are relevant to the instant matter. *Plaintiff's Complaint contains an entire count premised upon the Velasquez Case*. Complaint at ¶¶ 88-105. There can be no dispute that this Count is premised to the Velasquez Case as it is specifically referenced by name and case number. Id. at ¶ 88. As the Velasquez Case is specifically pled in the Complaint, it cannot be disputed the facts pertinent the prior representation are relevant to the instant case and, accordingly, the second prong is satisfied.

With regards to the third prong, the attorney whose disqualification is sought had access to, or was likely to have had access to, the relevant privileged information in the course of his prior representation of the client, the Second Circuit has held that Defendants are "entitled to the benefit of an irrebuttable presumption that confidences were shared." Prevezon at 240 .

The Second Circuit has a:

> well established principle that, in order to grant a disqualification motion, a court should not require proof that an attorney actually had access to or received

4

> privileged information while representing the client in a prior case. Such a requirement would put the former client to the Hobson's choice of either having to disclose his privileged information in order to disqualify his former attorney or having to refrain from the disqualification motion altogether.

Cook Indus., 569 F.2d at 740.

Further, "[o]nce a substantial relationship between the cases is established, where the same individual lawyer participated in the prior and current representation, the movant is not required to make a specific showing that confidences were passed to counsel." Prevezon at 240 (internal quotations and citations omitted). "Instead, the movant is entitled to the benefit of an irrebuttable presumption that confidences were shared." Id. (internal quotations and citations omitted).

Accordingly, the third prong is established by an irrebuttable presumption, and, therefore, all three prongs of the test have been satisfied. Therefore, the Motion should be granted.

**B. The Motion should be granted because Plaintiff's Counsel's continued representation would taint the underlying trial.**

The Second Circuit has stated that, ultimately, "disqualification is called for only where 'an attorney's conduct tends to taint the underlying trial,' because federal and state disciplinary mechanisms suffice for other ethical violations. taint the underlying trial." Prevezon at 241 (quoting Nyquist, 590 F.2d at 1246). "Generally, where, as here, the Evans factors are satisfied, trial taint is established and no further analysis is necessary." Id. (citing Hempstead Video, 409 F.3d at 133).

Like in Prevezon, "[e]ven if the Evans factors were not satisfied,… the record [in the instant case] supports a finding of disqualifying taint." Id. "One recognized form of taint arises when an attorney places himself in a position where he could use a client's privileged information against that client." Hempstead Video, 409 F.3d at 133

Here, Plaintiff's Counsel has placed himself in the very position the Second Circuit has warned about. By placing the Velasquez Case at the heart of the factual allegations in the Complaint, it cannot be denied that Plaintiff's Counsel is in a position that he *could* use Mr. Galekovic's privileged information against his Estate. Accordingly, disqualifying taint has been established and the Motion should be granted.

### C. The disqualification of Plaintiff's Counsel's should be imputed to his firm, Brach Eichler LLC.

"An attorney's conflicts are ordinarily imputed to his firm based on the presumption that 'associated' attorneys share client confidences." Hempstead Video at 133. "New York Disciplinary Rule 5-105 states: 'While lawyers are associated in a law firm, none of them shall knowingly accept or continue employment when any one of them practicing alone would be prohibited from doing so [under specific ethics rules, including those governing conflicts arising from concurrent and successive representations].'" Id. (quoting N.Y. COMP. CODES R. & REGS. tit. 22, § 1200.24(d) ("Disciplinary Rule 5-105")).

"The first step … is to determine whether an attorney is 'associated' with the firm." Id. at 134. "If he is, a rebuttable presumption arises that the attorney and the firm share client confidences, and the court then proceeds to the second step, which involves determining whether that presumption has been rebutted." Id.

Plaintiff's Counsel's Notice of Appearance [Dkt. No. 6] indicates he is affiliated with the firm of Brach Eichler LLC ("Brach Eichler").[1] Accordingly, there is no dispute that Plaintiff's Counsel is associated with Brach Eichler.

---

[1] Although the Notice of Appearance indicates that Plaintiff's Counsel's address is for the New York office of Brach Eichler, both his New York and New Jersey attorney registrations indicate he works out of Brach Eichler's New Jersey office. Davis Decl. ("Davis Decl.") at ¶¶ 4-7; Exhibits B and C.

"The touchstones of the imputation inquiry are the significance of the prohibited lawyer's involvement in and knowledge of the former client's confidences or secrets." Papyrus Tech. Corp. v. N.Y. Stock Exch., Inc., 325 F. Supp. 2d 270, 278 (S.D.N.Y. 2004). Accordingly, "a court must examine the degree to which the tainted attorney represented the former client." Id. at 279.

Here, there can be no doubt that Plaintiff's Counsel's involvement in representing Mr. Galekovic in the Velasquez Case could be no more significant or to any higher degree *as he was the sole attorney to make an appearance on behalf of Mr. Galekovic in the Velasquez Case*. See Exhibit A.

This Court has routinely made the determination that, in situations like the instant matter, "imputation is appropriate[.]" Blue Planet Software, Inc. v. Games Int'l, LLC, 331 F. Supp. 2d 273, 278-79 (S.D.N.Y. 2004); Lott v. Morgan Stanley Dean Witter & Co. Long-Term Disability Plan, 2004 U.S. Dist. LEXIS 25682, at *12-13 (S.D.N.Y. Dec. 23, 2004); Miroglio, s.p.a. v. Morgan Fabrics Corp., 340 F. Supp. 2d 510, 514 (S.D.N.Y. 2004). Here, as in Blue Planet, "there is no evidence in the record that [Plaintiff's Counsel] 'performed only minimal work' for [Mr. Galekovic]; in any event, access to confidential information is presumed." Id.

Should Plaintiff attempt to argue that a screening process could be put in place to prevent the imputation upon Brach Eichler, that argument would fail.

> [I]mplementing a screening procedure to separate [Plaintiff's Counsel] from the rest of [Brach Eichler] now would be bootless because [Plaintiff's Counsel] has already been substantially involved in this matter. See Cheng v. GAF Corp., 631 F.2d 1052, 1058 (2d Cir. 1980) *vacated on other grounds and remanded,* 450 U.S. 903, 67 L. Ed. 2d 327, 101 S. Ct. 1338 (1981); see also Mitchell v. Metro. Life Ins. Co., 2002 U.S. Dist. LEXIS 4675, No. 01 Civ. 2112, 2002 WL 441194, at *9 (S.D.N.Y. Mar. 21, 2002) ("The Second Circuit has expressed consistent skepticism about screening as a remedy for conflicts of interest and declared that such procedures ultimately must be rejected if they are subject to doubt."). In fact, another federal district court in New York wrote that "the screening measures must have been established from the first moment the conflicted attorney transferred to the firm or, at minimum, when the firm first received actual notice of

7

conflict." Id. (citing Marshall v. State of New York Div. of State Police, 952 F. Supp. 103, 111 (N.D.N.Y. 1997).

Id. at 278-279.

Plaintiff cannot, without violating Fed. R. Civ. P. 11, put forth an argument that screening measures were put into place when Brach Eichler first received actual notice of the conflict. On May 23, 2023, counsel for Defendants sent Plaintiff's Counsel correspondence raising the conflict issue. Exhibit D to Davis Decl. On May 30, 2023, Brach Eichler's General Counsel responded, taking the position there was no conflict and made no indication that any screening was being undertaken by the firm, even in the abundance of caution. Exhibit E to Davis Decl. Brach Eicher's position was simply "there is no conflict in [Plaintiff's Counsel] continuing to represent Jackson Hole Burger, Inc. and to assert the claims as pled in the complaint." Exhibit E at 2.

As Plaintiff cannot present any evidence to rebut the presumption that confidences are shared between Plaintiff's Counsel and his firm, the disqualification of Plaintiff's Counsel should be imputed to Brach Eichler.

## IV.  CONCLUSION

For these reasons, Defendants respectfully request that the Court grant the Motion in its entirety, as well as grant any other relief the Court deems equitable and just.

Dated: June 26, 2023                              Respectfully submitted,

                                                  /s/ Brent M. Davis
                                                  Brent M. Davis
                                                  MARKS & KLEIN, LLC

                                                  *Attorneys for Defendants*
                                                  *The Estate of Steven Galekovic*
                                                  *and Brielle Galekovic*