UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------
JACKSON HOLE BURGER, INC.,

        Plaintiff,

  -v-

THE ESTATE OF STEVEN GALEKOVIC, BRIELLE GALEKOVIC,

        Defendants.
---------------------------------

23-cv-04922 (JSR)

OPINION AND ORDER

JED S. RAKOFF, U.S.D.J.

On June 20, 2023, defendants moved to dismiss the complaint in its entirety. See Notice of Mot. to Dismiss, ECF No. 7. Upon consideration of the parties' written submissions, the Court denied defendants' motion by "bottom-line" order dated November 2, 2023. This Opinion sets forth the reasons behind that ruling.

I. **Plaintiff's Allegations**

Plaintiff, Jackson Hole Burger, Inc., operates a restaurant in Manhattan. Compl., ¶ 16, ECF No. 3. Steven Galekovic, a resident of New Jersey at the time of his death, was the operational manager of the restaurant. Id. ¶¶ 10, 20-22. In 1987, Mr. Galekovic entered into an agreement with plaintiff to purchase an interest in Jackson Hole Burger, Inc. over the course of several years. Id. ¶¶ 23-24. Per that agreement, as long as Mr. Galekovic was employed by plaintiff, he "was entitled to the rights available as a

shareholder in [Jackson Hole Burger] with a fifteen (15%) interest." Id. ¶ 30. But, if Mr. Galekovic fully paid for the shares, which he did, and then died, when he did on July 10, 2021, "his successor(s) were required to return his shares" to plaintiff "without payment." Id. ¶¶ 31, 42, 47.

A few months after Mr. Galekovic's death, Brielle Galekovic, administrator of Mr. Galekovic's estate, contacted plaintiff's shareholders about Mr. Galekovic's shares. Id. ¶¶ 12, 48. In response, plaintiff demanded the return of Mr. Galekovic's shares, but Ms. Galekovic refused. Id. ¶¶ 51, 53. At the same time, plaintiff also informed Ms. Galekovic that Mr. Galekovic owed contributions to the corporation, including for a settlement of a federal wage and hour dispute. Id. ¶ 52.

Plaintiff brings ten state-law causes of action against the estate and Ms. Galekovic, individually and as administrator of the estate. Plaintiff asserts claims for breach of contract, conversion, unjust enrichment, contribution, breach of fiduciary duty, an injunction, declaratory relief, imposition of a constructive trust, and specific performance against defendants. Id. ¶¶ 64-159.

## II. Legal Standard

To survive a motion to dismiss for failure to state a claim, a complaint must include "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."

2

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).[1] A complaint must offer more than "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." See Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555, 557 (2007). If the plaintiff has "not nudged [its] claims across the line from conceivable to plausible, [its] complaint must be dismissed." Id. at 570. The Court must "constru[e] the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." Goldstein v. Pataki, 516 F.3d 50, 56 (2d Cir. 2008).

### III. Discussion

Defendants argue that two statutory provisions bar plaintiff's claims and require dismissal of the complaint with prejudice. Plaintiff argues it is not appropriate to dismiss any of its claims under these statutory provisions.[2]

The first statutory provision provides that:

---

[1] Unless otherwise indicated, case quotations omit all internal quotation marks, alterations, footnotes, and citations.

[2] Plaintiff's initial counsel filed an opposition to the motion to dismiss. See Mem. of Law in Opp'n to Defs. Mot. to Dismiss, ECF No. 15. However, that counsel was disqualified. See 7/10/23 Order, ECF No. 17. Upon the appearance of plaintiff's current counsel, plaintiff filed a new opposition to defendants' motion to dismiss. See Pl. Mem. of Law in Opp'n to Defs. Mot. to Dismiss, ECF No. 21. Therefore, the Court will only consider the opposition filed by plaintiff's current counsel in assessing whether to grant defendants' motion to dismiss.

> Creditors of the decedent shall present their claims to the personal representative of the decedent's estate in writing and under oath, specifying the amount claimed and the particulars of the claim, within nine months from the date of the decedent's death. If a claim is not so presented to the personal representative within nine months from the date of the decedent's death, the personal representative shall not be liable to the creditor with respect to any assets which the personal representative may have delivered or paid in satisfaction of any unlawful claims, devises or distributive shares, before the presentation of the claims.

N.J. Stat. § 3B:22-4. The second statutory provision states:

> Within 3 months after receiving notice that a claim or part of it has been disputed, the creditor shall commence an action to recover on the claim or so much of it as is disputed; otherwise the personal representative shall not be liable to the creditor with respect to any assets which he may have delivered or paid in satisfaction of any lawful claims, devises or distributive shares before the commencement of the action.

N.J. Stat. § 3B:22-8. For the reasons discussed below, the Court finds that neither statutory provision requires the dismissal of the complaint.

### A. N.J. Stat. § 3B:22-4 does not require dismissal of the complaint.
#### i. Plaintiff did not adequately allege it complied with the notice requirements of N.J. Stat. § 3B:22-4.

The Court first assesses whether plaintiff has adequately alleged it complied with the notice requirements of N.J. Stat. § 3B:22-4. The relevant allegations in the complaint are as follows. Ms. Galekovic contacted plaintiff "[w]ithin a few months after [Mr. Galekovic] died," and sometime thereafter, plaintiff told Ms. Galekovic that Mr. Galekovic's shares "were conditional

4

and expressly tied to his ability to work at [Jackson Hole Burger]," explained that Mr. Galekovic "owed [plaintiff] for contributions including but not limited to contributions for the settlement of a federal wage and hour action, to which he paid no money," and "demanded that [Ms. Galekovic] return the shares of [Mr. Galekovic]." Compl., ¶¶ 48-53, 146. Further, plaintiff alleges that it demanded the return of the shares and "informed [d]efendants of its right of possession" "on multiple occasions," that it demanded defendants contribute to the settlement of the federal lawsuit and employees' wages and salaries, and that it made "defendants . . . aware of the amounts" Mr. Galekovic owed for capital calls. Id. ¶¶ 68, 74, 102, 113, 126. However, none of plaintiff's allegations specify when or how plaintiff's claims and demands were communicated to defendants. Accordingly, plaintiff has not adequately alleged it complied with the notice requirements of N.J. Stat. § 3B:22-4.

> **ii. N.J. Stat. § 3B:22-4 is inapplicable to the claims against the Estate and Ms. Galekovic in her individual capacity.**

Defendants argue that plaintiff's failure to allege it made a timely presentation of its claims bars plaintiff from pursuing those claims against the estate, Ms. Galekovic as the administrator of the estate, and Ms. Galekovic individually. That is incorrect. While N.J. Stat. § 3B:22-4 may bar claims brought against the personal representative of the estate (here, Mr. Galekovic in her

5

capacity as administrator), this provision does not necessarily bar claims against the estate or beneficiaries of the estate. Wachovia Bank v. Credit Dr., Inc., No. A-503-09T2, 2011 WL 3819802, at *15 (N.J. Super. Ct. App. Div. Aug. 31, 2011) ("a creditor's claim is not totally barred if not timely submitted; the personal representative's liability may be discharged, but the estate may remain liable" and "an estate's distributees may be ordered to pay the debt"); Coleman v. Dir., Div. of Tax'n, 15 N.J. Tax 529, 536 (1996) ("Nothing in this opinion precludes the Director from seeking the taxes from the estate . . ., the beneficiaries of the estate . . . , or others."); Khan v. Realtyline, Inc., No. BER-L-1262-18, 2018 N.J. Super. Unpub. LEXIS 6399, at *5-6 (N.J. Sup. Ct. May 11, 2018). For example, there are other statutory provisions that permit a creditor to "present [a] claim for payment," even if untimely under N.J. Stat. § 3B:22-4, "before the remaining assets are distributed" if "assets remain after payment of the timely claims." Wachovia Bank, 2011 WL 3819802, at *15 (citing N.J. Stat. § 3B:22-10). See also Fazilat v. Feldstein, 180 N.J. 74, 83 (2004) ("Claims filed out of time under the Probate Code may nevertheless be presented 'any time before the remaining assets of the estate shall have been distributed or paid over pursuant to law.'" (quoting N.J. Stat. § 3B:22-10)). Additionally, there are other statutory provisions that permit untimely claims to be brought against devisees or heirs. Wachovia Bank, 2011 WL

6

3819802, at *15 (citing N.J. Stat. §§ 3B:22-16, 3B:22-40). Therefore, N.J. Stat. § 3B:22-4 does not bar plaintiff's claims against the estate or Ms. Galekovic in her individual capacity (presumably, as a beneficiary of the estate) See Pl. Mem. of Law in Opp'n, at 6.

Defendants attempt to escape this outcome by arguing plaintiff did not sue Ms. Galekovic as an individual or beneficiary. Defs. Reply Mem. in Supp. of Mot. to Dismiss ("Defs. Reply Mem."), at 2-3, ECF No. 22. That is wrong. The caption in the complaint states plaintiff is suing "Brielle Galekovic, *individually* and as Administrator of the Estate of Steven Galekovic," and in the opening preamble of the complaint, plaintiff states it is suing "Brielle Galekovic, . . . *individually* and as administrator of the Estate." See generally Compl. (emphasis added). Perhaps realizing the weakness of this argument, defendants argue, for the first time on reply, that even if Ms. Galekovic was sued individually, the Court lacks personal jurisdiction. Defs. Reply Mem. at 2-3. However, arguments raised for the first time on reply are waived. United States v. Hill, 462 F. App'x 125, 127 n.2 (2d Cir. 2012); Smith v. Wells Fargo Bank, N.A., 666 F. App'x 84, 88 (2d Cir. 2016). The Court thus will not consider defendants' personal jurisdiction argument.

In sum, the Court denies the motion to dismiss the claims against the estate and Ms. Galekovic individually. Further

discovery is required to determine if plaintiff will be able to ultimately recover against the estate and Ms. Galekovic individually under other statutory provisions.

>   ### iii. N.J. Stat. § 3B:22-4 does not require the dismissal of any claims against Ms. Galekovic in her capacity as the administrator of the estate.

Although N.J. Stat. § 3B:22-4 potentially applies to the claims against Ms. Galekovic in her capacity as the administrator, most of plaintiff's causes of action do not fall within the statutory definition of a "claim," thus falling outside the purview of N.J. Stat. § 3B:22-4. For the remaining causes of action that do fall within the statutory definition of a "claim," further factual development is required to determine if those causes of action are time barred.

The Court will first assess whether the causes of action asserted in the complaint fall within the statutory definition of a "claim" to which N.J. Stat. § 3B:22-4 applies. N.J. Stat. § 3B:1-1 defines "[c]laims" to "include liabilities whether arising in contract, or tort or otherwise, and liabilities of the estate which arise at or after the death of the decedent, including funeral expenses and expenses of administration, but does not include estate or inheritance taxes, demands or disputes regarding title to specific assets alleged to be included in the estate." The

parties dispute whether one of the carves out in this definition applies to plaintiff's claims.

Counts One, Two, Three, Seven, Eight, Nine, and Ten all arise from defendants continuing to hold shares that allegedly should have been returned to plaintiff upon Mr. Galekovic's death. Count One and Two, respectively, assert breach of contract and conversion based on defendants' failure to return Mr. Galekovic's shares in accordance with the parties' agreement. Compl., ¶¶ 64-78. Count Three asserts a claim for unjust enrichment against defendants for improperly keeping Mr. Galekovic's shares. Id. ¶¶ 79-86. Count Seven requests the imposition of a constructive trust on the shares that plaintiff alleges defendants are wrongfully holding. Id. ¶¶ 131-36. Count Eight requests injunctive relief, seeking the return of Mr. Galekovic's shares. Id. ¶¶ 137-42. Count Nine requests a declaration that plaintiff owns the shares and Mr. Galekovic has no rights to the brand or name usage of the corporation. Id. ¶¶ 143-52. Finally, Count Ten seeks specific performance, requiring defendants to return the shares. Id. ¶¶ 153-59.

Relying on Shuttie v. Mikelis, No. A-5372-05T2, 2007 WL 2032942 (N.J. Super. Ct. App. Div. July 17, 2007), plaintiff argues these counts do not fall within the statutory definition of a claim because these are "demands or disputes regarding title to specific assets alleged to be included in the estate." N.J. Stat. § 3B:1-

1. Defendants argue Shuttie is distinguishable and that all seven counts fall within the statutory definition of a claim because "[p]laintiffs have relied upon the alleged breach of contract as the basis for each and every claim involving the stock certificates." Defs. Mem. in Supp. of Mot. to Dismiss, at 3 n.1, ECF No. 8. Neither party has pointed the Court to directly on point precedent from New Jersey's highest court. Therefore, this Court must "predict how the highest court of [New Jersey] would resolve the uncertainty or ambiguity." Lelchook v. Societe Generale de Banque au Liban SAL, 67 F.4th 69, 76 (2d Cir. 2023). In undertaking that analysis, the Court will give "proper regard to the decisions of [the] state's lower courts." Id. The Court finds Shuttie v. Mikelis instructive.

In that case, plaintiff, Zois Shuttie, appealed from a grant of summary judgment that dismissed "his action for conversion of his artwork" against three individuals and the estate of Dr. George Mikelis. Shuttie, 2007 WL 2032942, at *1. Plaintiff and Dr. Mikelis entered an agreement in 1991, in which Dr. Mikelis agreed to perform dental work in exchange for one of plaintiff's paintings; however, if Dr. Mikelis "fail[ed] to fulfill [his] professional obligation," plaintiff was "entitled to recover" the painting. Id. Dr. Mikelis performed deficient dental work, so plaintiff sought the return of his painting. Id. Subsequently, in 1999, plaintiff and Dr. Mikelis entered another agreement where Dr. Mikelis

10

admitted "the painting in [his] possession . . . is the property of [plaintiff]" and then later agreed to have his brother return the painting. Id. at *2. Before the painting was returned, on March 22, 2001, Dr. Mikelis died. Id. Almost a year later, plaintiff's lawyer informed the family of Dr. Mikelis that plaintiff was demanding the return of the painting. Id. Over three years later, plaintiff sued for the return of the painting. Id. at *2-3.

The issue on appeal was whether plaintiff's lawsuit was time barred. Id. at *3. Defendants argued plaintiff's claim was barred under N.J. Stat. §§ 3B:22-4, 3B:22-7, 3B:22-8 because plaintiff's initial demand was late and not under oath and because plaintiff failed to bring a lawsuit within three months of defendants rejecting the claim. Id. at *5. The court disagreed because those statutory provisions are inapplicable to plaintiff's "claim for conversion of his property upon Dr. Mikelis's breach of contract." Id. The court reasoned that plaintiff was the "alleged rightful owner of the converted property that, by virtue of its status, was exempt from claim requirements" as the definition of "claims" under N.J. Stat. § 3B:1-1 does not include "demands or disputes regarding title to specific assets alleged to be included in the estate." Id. The court, therefore, concluded that plaintiff's assertion of "title to property in the possession of the estate's administrators is not asserting a claim against the estate, but is asserting a right under the general law of property." Id.

Under that logic, Count Two (conversion) does not fall within the statutory definition of a "claim" because it is the exact same cause of action that Shuttie found was not a "claim." See id. at *5. Similarly, Counts Seven, Eight, Nine, and Ten, which respectively request a constructive trust be imposed on the shares, injunctive relief for the return of the shares, declaratory relief that plaintiff owns the shares and Mr. Galekovic has no rights to the brand and name usage of plaintiff, and specific performance requiring the return of the shares, see Compl., ¶¶ 131-59, arise from the conversion of plaintiff's property and are thus "assert[ing] title to personal property in the possession of the estate's administrator[]," see Shuttie, 2007 WL 2032942, at *5. See also N.J. Stat. § 3B:1-1. The Court finds defendants' attempt to distinguish Shuttie as only dealing with a painting and not securities (like the stock at issue here) unavailing. The logic of the opinion did not rely upon the type of asset at issue. Rather, the nature of the claim drove the analysis.

Similarly, Count One, which alleges breach of contract based on defendants' failure to return the shares, does not qualify as a claim. At its core, plaintiff's breach of contract claim is alleging defendants wrongfully kept plaintiff's property and therefore breached the parties' agreement. That is akin to the "claim for conversion of . . . property upon [the decedent's] breach of contract" in Shuttie that fell outside the ambit of the

statutory provision at issue here. See Shuttie, 2007 WL 2032942, at *5.³ The main difference is that in Shuttie, the breach of a contract gave rise to the conversion claim, whereas here, the wrongful withholding of property gave rise to the breach of contract claim. This is a distinction without a difference. At bottom, this case, like Shuttie, involves a claim that a breached contract meant property was converted. Thus, like the cause of action in Shuttie, Count One is a "dispute regarding title to specific assets alleged to be included in the estate" and thus not a claim. N.J. Stat. § 3B:1-1.

Count Three for unjust enrichment is also not a claim under N.J. Stat. § 3B:1-1. The elements of an unjust enrichment claim are "(1) at plaintiff's expense (2) defendant received [a] benefit (3) under circumstances that would make it unjust for defendant to retain [the] benefit without paying for it." Snyder v. Farnam Cos., Inc., 792 F. Supp. 2d 712, 723-24 (D.N.J. 2011). Here, the benefit that defendants are allegedly retaining is the shares. See Compl., ¶¶ 82-83. Thus, in essence, like in Shuttie, defendants are wrongfully holding an asset (the shares) that allegedly belongs to plaintiff, which gives rise to the unjust enrichment claim. Therefore, Count Three is not a claim and is instead a "dispute

---

³ By contrast, when a breach of contract claim centered on money that was owed (instead of a specific asset), that claim would fall within the statutory definition of a claim under N.J. Stat. § 3B:1-1. See Wachovia Bank, 2011 WL 3819802, at *4-6, *12-14.

regarding title to specific assets alleged to be included in the estate." N.J. Stat. § 3B:1-1.

Now turning to plaintiff's remaining claims, the Court concludes that Counts Four, Five, and Six fall within the statutory definition of a claim. These counts arise from Mr. Galekovic's failure to contribute his pro-rata share toward capital calls, the settlement of the wage-and-hour lawsuit, and employees' wages and salaries. See Compl., ¶¶ 87-130. These are plainly "liabilities," and plaintiff does not even attempt to argue these counts fall outside the statutory definition of a claim. See N.J. Stat. § 3B:1-1. Therefore, Counts Four, Five, and Six are potentially time barred against Ms. Galekovic in her capacity as the administrator of the estate.

Even though Counts Four, Five, and Six are claims subject to the notice requirements of N.J. Stat. § 3B:22-4, further fact finding is required to determine if these claims are barred.[4] N.J.

---

[4] For the first time on reply, defendants argue "[p]laintiff's failure to allege that it presented the required notice to the Estate at any time is fatal to all claims" because "[p]laintiff provides no authority to support the contention that even an untimely claim is exempt from providing its claims to the personal representative of the decedent's estate in writing and under oath, specifying the amount claimed and the particulars of the claim." Defs. Reply Mem. at 1-2. The Court finds that this argument is waived because it was raised for the first time on reply. Hill, 462 F. App'x at 127 n.2; Smith, 666 F. App'x at 88. However, even if this argument is not waived, it is without merit. Defendants provide no authority to support that untimely claims must still comply with the requirements of N.J. Stat. § 3B:22-4. Further, plaintiff's verified complaint likely satisfies the requirement

Stat. § 3B:22-4 provides that the administrator "shall not be liable to the creditor with respect to any assets which the personal representative may have delivered or paid in satisfaction of any lawful claims, devises or distributive shares, before the presentation of the claim." But, as plaintiff correctly points out, there is no evidence that assets have been delivered or paid. Thus, absent further factual development, the Court cannot determine whether this statutory provision requires the dismissal of plaintiff's claims against Ms. Galekovic in her capacity as the administrator of the estate. Accordingly, the Court will not dismiss Counts Four, Five, and Six at this juncture.

### B. N.J. Stat. § 3B:22-8 does not require the dismissal of the complaint.

Defendants also argue that N.J. Stat. § 3B:22-8 bars plaintiff's claims. The Court disagrees. For the reasons explained above, Counts One, Two, Three, Seven, Eight, Nine, and Ten are not "claims" within the meaning of this statutory provision and thus are exempt from its requirements. Even for Counts Four, Five, and Six, which are potentially subject to this provision, the allegation in the complaint that Ms. Galekovic "refused" plaintiff's demand for the return of the shares does not indicate

---

that a claim be submitted in writing under oath. See N.Y. C.P.L.R. § 3020(a) ("A verification is a statement under oath that the pleading is true to the knowledge of the deponent, except as to matters alleged on information and belief, and that as to those matters he believes it to be true.").

15

that Ms. Galekovic gave proper notice that any claim against the estate was disputed, let alone that Ms. Galekovic was disputing Counts Four, Five, and Six which are related to money Mr. Galekovic allegedly owes for wages, salaries, capital calls, and a settlement. See Compl., ¶¶ 53, 87-130. See N.J. Stat. § 3B:22-7 ("Within 3 months after the presentation to [her] of a claim, the personal representative shall allow or dispute it or allow it in part and dispute it in part, and give notice in writing to the creditor, his agent or attorney, of that which [she] allows or disputes."). Furthermore, Ms. Galekovic's liability is only limited "with respect to any assets which [she] may have delivered or paid in satisfaction of any lawful claims, devises or distributive shares before the commencement of the action." N.J. Stat. § 3B:22-8. But there is no evidence that Ms. Galekovic transferred any assets of the estate. Accordingly, like defendants' arguments about N.J. Stat. § 3B:22-4, further factual development is required to determine the applicability of N.J. Stat. § 3B:22-8. This provision does not provide a basis to dismiss the complaint at this point in the litigation.

### IV. Conclusion

The Court hereby reconfirms its "bottom-line" order denying defendants' motion to dismiss. The Court will also adjust the deadlines in the parties' case management plan. Discovery must now be completed by Wednesday, December 6, 2023. The summary judgment

16

briefing schedule will now be as follows: moving papers are due Wednesday, December 20, 2023; answering papers are due Wednesday, January 3, 2023; and reply papers are due Wednesday, January 10, 2023. The Court will set a final pretrial conference for Wednesday, January 17, 2024 at 3 P.M.

SO ORDERED.

Dated:   New York, NY

November 6, 2023

JED S. RAKOFF, U.S.D.J.